UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOEL GONZALEZ, *pro se*,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　**SUMMARY ORDER**
　　　　　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　14-CV-6749 (DLI)(RER)
　　　　　　-against-　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
JOHN DOE *et al.*,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　　　　　　:
-------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

　　　　On November 4, 2014, plaintiff Joel Gonzalez (the "Plaintiff"), currently incarcerated at Five Points Correctional Facility, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed an amended complaint as of right on December 17, 2014. *See* FED. R. CIV. P. 15(a)(1). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, for purposes of this Order. For the reasons discussed below, the action is dismissed without prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court is directed to stay the closure of this case as Plaintiff is granted leave to file an amended complaint NO LATER THAN APRIL 6, 2015.

## BACKGROUND

　　　　Plaintiff avers that on August 1, 2011, a Rikers Island correctional officer, sprayed him with pepper spray, and assaulted him, causing injury to his back, ribs, legs, and jaw. (Amended Compl. ¶ IV. A; Grievance annexed to the Amended Compl.) Plaintiff alleges that, at the time of the assault he was handcuffed. (Amended Compl. ¶ IV.) Plaintiff further alleges that following the assault, he failed to receive adequate medical care. (*Id.*) Plaintiff seeks monetary damages.

---

[1] Under the "so-called 'prison mailbox' rule," a *pro se* plaintiff's complaint is deemed filed on "the date of delivery to prison authorities." *Walker v. Jastremski*, 430 F.3d 560, 562 & n. 1 (2d Cir. 2005) (citing *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir. 1993)).

1

## DISCUSSION

I.  **Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as

2

raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

## II. Claims Under 42 U.S.C. § 1983

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999). A civil rights complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under § 1983. *See Morpurgo v. Inc. Village of Sag Harbor,* 697 F.Supp.2d 309, 341 (E.D.N.Y. 2010) (citations omitted).

A §1983 claim must be brought within the appropriate statute of limitations, which is determined by state law. In New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Shomo v. City of New York*, 579 F.3d 176,

3

181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law.").

"While state law supplies the statute of limitations for claims under § 1983, federal law determines when [the] . . . claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal quotation marks omitted)); *Rene v. Jablonski*, 2009 WL 2524865, *5 (E.D.N.Y. Aug. 17, 2009) ("[F]ederal law governs the question of when a Section 1983 claim accrues. Under federal law, 'the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" (alteration in original) (citations omitted) (quoting *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir.1999)).

The statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. 208. Equitable tolling is also allowed when the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks omitted); *see also Koch v. Christi's Intern., PLC,* 699 F.3d 141, 157 (2d Cir. 2012) (citing *Abbas,* 480 F.3d at 642).

Plaintiff's claim appears to be time-barred. Here, the claim accrued on August 1, 2011, the date on which the alleged assault took place. This means that more than three years have elapsed between the alleged event and the filing of the instant complaint. On the present record, there is also no basis for equitable tolling.

4

## CONCLUSION

In light of Plaintiff's *pro se* status, he should have an opportunity to demonstrate why his claims should not be dismissed as time-barred by the statute of limitations. *See Abbas*, 480 F.3d at 639–40 (district court should not dismiss a *pro se* prisoner's complaint on the basis of an anticipated statute of limitations defense without first granting notice and an opportunity to be heard). Should Plaintiff elect to file a second amended complaint, he must state why his claims related to events that occurred on August 1, 2011, are not time-barred, including any basis for equitable tolling of the statute of limitations.

The second amended complaint must be submitted to the Court NO LATER THAN APRIL 6, 2015, be captioned as " Second Amended Complaint," and bear the same docket number as this Summary Order. For the convenience of *pro se* Plaintiff, "Instructions on How to Amend a Complaint" are attached to this Summary Order. Plaintiff is advised that the second amended complaint will replace the original pleading. All further proceedings shall be stayed until April 6, 2015. If Plaintiff fails to file a second amended complaint by April 6, 2015, or if the second amended complaint fails to comply with this Summary Order, this action will be dismissed with prejudice.

The court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     December 22, 2014                                                           /s/
                                                                                    DORA L. IRIZARRY
                                                                       United States District Judge