UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOEL GONZALEZ,

                Plaintiff,

     - against -

RIKERS ISLAND WARDEN; CAPT. DESMOND
BLAKE, No. 1604;
C.O. ANTHONY SPIOTTA, No. 17495;
C.O. DAMIEN CHEATAM, No. 18123;
CAPT. NORMAN WILLIAMS, No. 127;
C.O. MYRA WILLIAMS, No. 9476;
C.O. ELIA AMANATEDES, No. 14894;
C.O. RUPERT FULLERTON, No. 4277; and
MEDICAL STAFF,

                Defendants.
-----------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
14-CV-6749 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Joel Gonzalez brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendant correctional officers violated his constitutional rights by using excessive force against him at Rikers Island on August 1, 2011.

Before the Court is a Report and Recommendation ("R&R") of the Honorable Lois Bloom, Magistrate Judge, recommending dismissal of Gonzalez's Second Amended Complaint.[1] Gonzalez has filed an objection. (Pl. Obj. (Doc. No. 78).) For the reasons set forth below, Gonzalez's objection is overruled, and the Court adopts Judge Bloom's R&R in its entirety, and dismisses the Second Amended Complaint.

On December 11, 2017, Judge Bloom issued her R&R, recommending that the defendants' motion to dismiss be granted. Judge Bloom reminded the parties that, pursuant to

---

[1] Familiarity with the facts and procedural history of this action, both of which are set out in Judge Bloom's R&R, is presumed.

Federal Rule of Civil Procedure ("Rule") 72(b), any objection to the R&R must be filed within fourteen days of service. (R&R at 10.) A copy of the R&R was mailed to Gonzalez on December 11, 2017, and Gonzalez timely filed his objections. (Pl. Obj. (Doc. No. 78).)

## STANDARD OF REVIEW

Where a party objects to an R&R, the Court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). A court will review an R&R *de novo* only if the objecting party "point[s] out the specific portions of the report and recommendation to which that party objects." *Fouche v. Schneiderman*, No. 14-CV-752 (NGG) (LB), 2015 WL 1258288, at *1 (E.D.N.Y. March 17, 2015) (internal citations and alterations omitted).

Where, instead, a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("A rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.").

Here, out of an abundance of caution, and given Gonzalez's *pro se* status, the Court has liberally construed the arguments raised, and has reviewed the entire R&R *de novo*. Having done so, the Court adopts the R&R in its entirety.

## DISCUSSION

### I. Equitable Tolling and Equitable Estoppel

Gonzalez articulates multiple objections to the R&R's determination that he is not entitled to equitable tolling or estoppel. Each is without merit.

First, Gonzalez claims that the R&R overlooks the fact that his court documents were seized and destroyed. (Pl. Obj. at 5.) Contrary to Gonzalez's assertions, the R&R specifically acknowledges those circumstances, but concludes that the "documents were not necessary for [Gonzalez] to timely file his complaint." This Court agrees. As Judge Bloom noted, Gonzalez was well aware of the facts surrounding the incident that forms the basis of his complaint, and none of the documents at issue were required for him to acquire facts necessary to his cause of action. (R&R at 8.) Nor were his medical records necessary for Gonzalez to file a timely claim of excessive force. *Id.* Thus, equitable tolling is not warranted here. (*See* R&R at 8.)

Gonzalez also asserts in his objections, as he did before the Magistrate Judge, that his transfer between facilities and his placement in the Special Housing Unit warrant equitable tolling. (Pl. Obj. at 5.) The Magistrate Judge correctly concluded that these circumstances are "routine experiences of prison life that do not rise to a level of extraordinary circumstances." (R&R at 7; *see Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. June 16, 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").) Moreover, Judge Bloom noted that plaintiff was at the Metropolitan Detention Center for thirty-two months before the statute of limitations elapsed. This provided Gonzalez with ample stability and time to file his complaint. (R&R at 7.)

Finally, Gonzalez argues that the Magistrate Judge incorrectly concluded that limited English skills does not provide a basis for equitable tolling, contrary to the Second Circuit's

3

precedent in *Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2007). (Pl. Obj. at 3.) His claim is without merit. In *Diaz*, the Second Circuit found that certain language barriers may justify equitable tolling, but that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." *Diaz*, 515 F.3d at 154 (rejecting equitable tolling because the petitioners had not satisfied the diligence requirement). Gonzalez himself "acknowledges [sic] that his lack of the English Language *per se* [sic] … does not justify equitable tolling." (Pl. Obj. at 3.) However, he has failed to demonstrate that he took any reasonable efforts to mitigate any language deficiency. Instead, he again points to the destruction of his documents and his transfer to excuse his untimely filing. These circumstances do not satisfy Gonzalez's "substantial obligation" under *Diaz*.

## II. Failure to Liberally Construe

Gonzalez argues that Magistrate Judge Bloom did not construe his papers liberally, but rather held him to the same standards as she would an attorney. (Pl. Obj. at 6.) It is axiomatic that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). The Court must construe a *pro se* complaint with "special solicitude," and interpret it to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). Even so, "a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). Here, the R&R fully acknowledges that Gonzalez is *pro se*, and took into account all of the facts cited by Gonzalez to raise the strongest equitable arguments possible. Gonzalez was

given multiple opportunities to provide supplemental explanations as to why he did not file his complaint within the statute of limitations period. (*See* R&R at 2-3.) Thus, out of an abundance of caution, Gonzalez was accorded the "special solicitude" he deserved. However, irrespective of his *pro se* status, Gonzalez's arguments to the Magistrate Judge, many of which are repeated in his objections, do not give rise to a basis for equitable tolling or estoppel.

### III. Leave to Amend Denied

Whereas typically the Court allows *pro se* plaintiffs an opportunity to amend their complaint, it need not afford that opportunity here where it is clear that any attempt would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment is futile). Gonzalez has been afforded several opportunities to amend his complaint, and this Court has already denied his motion to file a third amended complaint as futile. (Doc. No. 55.)

### CONCLUSION

Accordingly, it is hereby ordered that the defendants' motion to dismiss be granted. The Clerk of Court is directed to enter judgment pursuant to this Order, and to close this case. The Clerk of Court is further directed to mail a copy of this Order and the accompanying judgment to *pro se* plaintiff Joel Gonzalez, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 13, 2018

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge